UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIRECTV INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMCAST OF ILLINOIS III, INC; COMCAST ) <br> CORPORATION; COMCAST CABLE ) <br> HOLDINGS LLC; and COMCAST CABLE ) <br> COMMUNICATIONS LLC d/b/a COMCAST ) <br> MEDIA CENTER, ) <br> ) <br> Defendants. <br> COMCAST OF ILLINOIS III, INC., COMCAST ) <br> CORPORATION, and COMCAST CABLE ) <br> HOLDINGS LLC, ) <br> ) <br> Counterclaimants, ) <br> v. ) <br> ) <br> DIRECTV INC., ) <br> ) <br> Counterdefendant. ) | Case No. 07 C 2568 <br><br> Judge Grady <br> Magistrate Judge Nolan |

**DECLARATION OF JULIE P. SAMUELS IN SUPPORT
OF COMCAST'S MOTION FOR SUMMARY JUDGMENT**

I, Julie P. Samuels, Esq., declare as follows:

1. I am an attorney at Loeb & Loeb, LLP ("Loeb") and admitted to practice in this District.

2. I am directly and actively involved in Loeb's representation of Comcast of Illinois III, Inc., Comcast Corporation, Comcast Cable Holdings LLC, and Comcast Cable Communications LLC d/b/a Comcast Media Center (collectively, "Comcast") in *DIRECTV Inc. v. Comcast of Illinois III, Inc., et al.*, Case No. 07-cv-2568. As a result of that involvement, I am familiar with the procedural course of this case, the documents produced by Comcast and DIRECTV, Inc. ("DIRECTV") in this litigation, including those admitted at the preliminary injunction hearing held before the Court on August 13, 2007 through August 15, 2007, and other related matters. As such, I have personal

knowledge of the matters set forth in this declaration. I submit this document in support of Comcast's Motion for Summary Judgment.

3. On May 8, 2007 DIRECTV filed its original Complaint for Injunctive Relief and Damages in which Comcast alleged, *inter alia*, that certain of Comcast's advertisements were false and misleading. The contested advertisements were based in part on a study of consumers' perception of picture quality resulting from the different high definition television signals transmitted to customers by Comcast, DIRECTV, and the Dish Network conducted by Frank N. Magid Associates ("Magid") in March 2007.

4. On May 23, 2007 the Court ordered both parties to produce substantiation material backing up each of their respective advertising claims. During this discovery process, Comcast and Magid collectively produced nearly 2000 pages of documentation relating to the single survey supporting Comcast's advertisements (the "Magid Study").

5. Although the Court's May 23, 2007 Order did not call for depositions, Comcast nevertheless agreed to produce a number of key persons to be deposed by DIRECTV, including: John Vonk, the Comcast vice president that commissioned the Magid Study; Ren Finley, Comcast Director of Advanced Engineering; and Mark Allenbach, the Magid employee who played a substantial role in the design and implementation of the Magid Study.

6. DIRECTV deposed Mr. Finley on July 9, 2007; Mr. Allenbach on July 12, 2007; and Mr. Vonk on July 13, 2007.

7. DIRECTV filed an amended complaint on July 26, 2007. On July 31, 2007 Comcast answered DIRECTV's amended complaint denying that Comcast's advertising was false or misleading. Comcast also asserted a number of affirmative defenses.

8. On August 6, 2007, DIRECTV filed a brief in support of its motion for preliminary injunction against Comcast. From August 13, 2007 through August 15, 2007 the Court held an evidentiary hearing on DIRECTV's motion for preliminary injunction. During that hearing, the Court heard from a number of witnesses, including from Messrs. Finley, Allenbach and Vonk – the three witnesses whom DIRECTV previously deposed. At the hearing, DIRECTV also cross-examined Magid Vice President Dr. Scarlet Wynns,

and Accenture consultant Dr. Dipan Patel concerning the methodology and results of the Magid Study

9. **Exhibit A** is a true and correct copy of excerpts of the certified court reporter's transcript of John Vonk's testimony taken during the hearing on DIRECTV's preliminary injunction motion.

10. **Exhibit B** is a true and correct copy of excerpts of the certified court reporter's transcript of Ren Finley's testimony taken during the hearing on DIRECTV's preliminary injunction motion.

11. **Exhibit C** is a true and correct copy of excerpts of the certified court reporter's transcript of Mark Allenbach's testimony taken during the hearing on DIRECTV's preliminary injunction motion.

12. During the preliminary injunction hearing, Mr. Allenbach testified that he worked for Magid as the Director of Interactive Media and Games. He further testified that he was the person at Magid responsible for designing and implementing the Magid Study, and that he also served as the moderator on-site who greeted and worked with the respondents at the facility. (*See* Ex. C, Aug. 14, 2007 Hr'g. Tr. (Allenbach) 594:6-22.) Based in part on that experience, Mr. Allenbach was personally familiar with and testified about a number of documents related to the Magid Study both at the preliminary injunction hearing and at his earlier deposition. **Exhibit D** is a true and correct copy of excerpts from the certified court reporter's transcript of DIRECTV's deposition of Mark Allenbach on July 12, 2007.

13. **Exhibit E** is a true and correct copy of Defendant's Exhibit N from the preliminary injunction hearing. At Mr. Allenbach's deposition this exhibit was marked as Exhibit 14. Mr. Allenbach testified at his deposition that this exhibit was a set of presentation slides he created based on the raw data from the Magid Study (which is attached to this declaration as Exhibit G). (*See* Ex. D, July 12, 2007 Depo. Tr. (Allenbach) 213:8-10, 213:21-214:11.)

14. **Exhibit F** is a true and correct copy of Defendant's Exhibit J from the preliminary injunction hearing. Mr. Allenbach testified that this document was a printout of data collected from the participants in the Magid Study. (*See* Ex. C, Aug. 14, 2007 Hr'g. Tr. (Allenbach) 689:24-690:24.) At Mr. Allenbach's deposition this exhibit was

3

marked as Exhibit 12. Mr. Allenbach testified at his deposition that this exhibit reflected the raw data from the Magid Study organized as he directed. (*See* Ex. D, July 12, 2007 Depo. Tr. (Allenbach) 187:17-188:14.) More specifically, Mr. Allenbach testified at the preliminary injunction hearing that page 24 of this document reports participants' ratings of DIRECTV, Dish Network, and Comcast 2:1 high definition signals. (*See* Ex. C, Aug. 14, 2007 Hr'g. Tr. (Allenbach) 699:6-15.)

15. **Exhibit G** is a true and correct copy of Defendant's Exhibit G from the preliminary injunction hearing. At Mr. Allenbach's deposition this exhibit was marked as Exhibit 8. Mark Allenbach testified at his deposition that this exhibit was the script that he followed as he walked participants through the survey. (*See* Ex. D, July 12, 2007 Depo. Tr. (Allenbach) 153:2-16.) He also noted that he followed this script "religiously." (*Id.*)

16. **Exhibit H** is a true and correct copy of the American Society for Testing and Materials ("ASTM") Standard Guide for Sensory Claim Substantiation, Designation E 1958-98, as issued in 1998.

17. **Exhibit I** is a true and correct copy of the ASTM Standard Guide for Sensory Claim Substantiation, Designation E 1958-07, as issued in 2007.

18. **Exhibit J** is a true and correct copy of DIRECTV's Rule 26(a)(1) Initial Disclosures, which were served on Comcast on October 10, 2007.

19. At the conclusion of the preliminary injunction hearing, the Court made a number of findings on the record in denying DIRECTV's motion for a preliminary injunction. A true and correct copy of the certified court reporter's transcript of the Court's decision is attached as **Exhibit K**. A true and correct copy of the Minute Order denying DIRECTV's motion for preliminary injunction is attached as **Exhibit L**.

5

20. **Exhibit M** is a true and correct copy of excerpts of the certified court reporter's transcript of the hearing on DIRECTV's preliminary injunction motion from August 13, 2007.

21. **Exhibit N** is a true and correct copy of video offered at the preliminary injunction hearing during the testimony of Mr. Allenbach as footage of the Magid Study. (*See* Ex. C, August 14, 2007 Hr'g. Tr. (Allenbach) 683:13-685:20; 687:12-22.)

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 19th day of October 2007, in Chicago, Illinois.

                                                                                     /s/ Julie P. Samuels
                                                                                    Julie P. Samuels

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October 2007, a copy of the foregoing **Declaration of Julie P. Samuels in Support of Comcast's Motion for Summary Judgment** were filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Paul R. Garcia, P.C.
Robin A. McCue
Tom M. Monagan, III
Jordan M. Heinz
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601

LOEB & LOEB LLP

By: /s/ Douglas N. Masters

Douglas N. Masters
Thomas P. Jirgal
Julie P. Samuels
LOEB & LOEB LLP
321 North Clark Street, Suite 2300
Chicago, Illinois 60610
Tel: (312) 464-3100
Fax: (312) 464-3111

*Attorneys for Comcast of Illinois III, Inc., Comcast Corporation, Comcast Holding LLC, and Comcast Cable Communications LLC*